**STATE of Minnesota, Respondent,**

v.

**Mark Marvin WHITE, Appellant.**

**No. C2–83–1195.**

Court of Appeals of Minnesota.

June 19, 1984.

Hubert H. Humphrey, III, Atty. Gen., James O'Connor, Blaine City Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Johnathan G. Steinberg, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., FOLEY and LESLIE, JJ. with oral argument waived.

## OPINION

FOLEY, Judge.

Mark White appeals a conviction for driving under the influence of alcohol after revocation of his license. He contends that there was insufficient evidence to establish that he drove, and that incompetence of counsel denied him a fair trial. We affirm.

## FACTS

State trooper Gerald Ladwig followed a car owned by Kevin Bistodeau after clocking it at 60 to 65 miles per hour. Ladwig observed three persons in the car: White in the driver's seat, Patricia Olson in front passenger seat, and Bistodeau in the seat behind the driver. White has curly blond hair and wears glasses. Bistodeau has dark hair.

The car rolled through a turn signal, accelerated sharply, turned again wandering outside its lane, and finally stopped abruptly in a driveway. As the squad car pulled up, the men emerged simultaneously from the left door, White towards the front.

Trooper Ladwig questioned them. White and Bistodeau both denied driving the car. Olson said Bistodeau was driving.

The trooper arrested White after smelling alcohol on his breath and observing his slurred speech and staggering gait. White was charged with driving under the influence within five years of a DWI conviction and with driving under the influence after revocation of his license. He refused to take a preliminary breath test.

Bistodeau was arrested for possession of drug paraphernalia found in the car.

At trial White stipulated that he had a prior DWI conviction, that his license had been revoked because of the conviction and that he knew it was revoked at the time of the offense.

White's defense was that he was not the driver of the car. White, Olson and Bistodeau testified that Bistodeau was driving. In an effort to discredit the trooper's testimony, White's counsel probed the circumstances of Ladwig's discovery of the paraphernalia and the mechanics of the preliminary breath test.

The jury convicted White on both counts. However, the trial court entered only one conviction. It dropped the conviction for driving under the influence within five years of a DWI conviction because White's prior conviction was based on an uncounseled guilty plea.

## ISSUES

1. Was there sufficient evidence to support a finding that White was driving?

2. Was White denied a fair trial by incompetence of counsel?

## ANALYSIS

1. White's contention that there was inadequate evidence to establish that he was driving the car is without merit. Faced with contradictory evidence as to who was driving, the jury was entitled to believe the testimony of trooper Ladwig.

2. White also contends that incompetence of counsel denied him a fair trial. Specifically, he alleges that his counsel should have prevented the admission into evidence of (a) his prior DWI conviction, (b) the discovery of drug paraphernalia in the car, and (c) his refusal to take a preliminary breath test.

The standard for evaluating competency of counsel is set forth in *White v. State,* 309 Minn. 476, 481, 248 N.W.2d 281, 285 (1976). The test is whether the attorney in the case exercised the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. The burden is on the defendant to show that his counsel was not competent. *State v. Heinkel,* 322 N.W.2d

322, 326 (Minn.1982). A defendant's hindsight objection to trial tactics is not enough to show incompetency of counsel. The defendant must show that the action complained of was so patently erroneous that it could only have been ineffectiveness of counsel and not trial tactics. *State v. McLane*, 346 N.W.2d 688, 690 (Minn.Ct. App.1984).

 White fails to meet the burden of proving that his counsel's actions could not have been trial tactics. In retrospect, the defense counsel's course of action was perhaps not the most advisable, but it was consistent with his theory of defense.

Counsel probably could have prevented evidence of White's prior conviction from reaching the jury. Had he brought *State v. Nordstrom*, 331 N.W.2d 901 (Minn.1983), to the attention of the court, the judge might have dismissed before trial the charge of driving under the influence within five years of a DWI conviction. To prove the remaining charge the state would only have had to prove that White's license was revoked, not the reason for the revocation. Then the state would not have been entitled to present evidence of the prior conviction.

However, stipulation to the conviction does not establish incompetency. If the jury believed that White was not the driver, evidence of his prior conviction was irrelevant. Counsel may have introduced the conviction to convince jurors that White did not and would not drive while intoxicated because he knew firsthand the penalty for the offense.

Similarly, White's counsel could have prevented admission of evidence of discovery of drug paraphernalia in the car, and White's refusal to take a preliminary breath test. However, he voluntarily introduced the issues in an attempt to discredit the testimony of trooper Ladwig. White was not denied effective counsel simply because the strategy failed.

## DECISION

We affirm White's conviction for driving under the influence while his license was revoked. There is sufficient evidence to support the conviction. White was not denied a fair trial by his counsel's trial tactics.