**STATE of Minnesota, Respondent,**

v.

**Keith E. BERG, Appellant.**

**No. C9–84–653.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Review Denied Feb. 5, 1985.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Hennepin County Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and HUSPENI and FORSBERG, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

Keith E. Berg appeals from convictions of two counts of attempted murder in the second degree in violation of Minn.Stat. §§ 609.19(1), 609.17 and 609.11 (1982) and two counts of assault in the second degree in violation of Minn.Stat. §§ 609.222 and 609.11 (1982). He contends that (1) the court erred by admitting his statements obtained in violation of his Fifth and Sixth Amendment rights to counsel; (2) the evidence was insufficient to establish his guilt; and (3) the purpose of the Minnesota Sentencing Guidelines is best served by concurrent rather than consecutive sentences. Appellant also personally asserts that he was denied his fundamental right to a fair trial by the ineffective assistance of counsel and by the exclusion of evidence. We affirm.

## FACTS

Appellant and his wife, Theresa Berg, worked for the same company until 1981 when Kurt Peter fired appellant. In February of 1983 Theresa Berg and Peter began seeing each other. Shortly thereafter Theresa Berg moved out of the family home with appellant's and her two children. She then filed for divorce.

Appellant learned of Theresa Berg's involvement with Kurt Peter. He told her his only alternative was to kill Peter. Appellant also threatened suicide. Appellant told Peter "I wanted to kill you but I don't think I have to." Appellant left a handgun and a rifle with George Van Drasek because he was afraid he might use them.

Later appellant took the guns from Van Drasek, only to return them to Van Drasek saying he had Kurt Peter in the sight of his rifle and was afraid he might pull the trigger and did not want to do that.

At a lunch meeting with Theresa Berg and Kurt Peter, appellant told Peter he was going to kill him. The next day appellant talked with Theresa Berg at her office and then went to Peter's office. Appellant told Peter he wanted to kill him and that he'd had Peter in his "cross hairs twice in the week" but he didn't shoot because it would be too easy. Appellant left Peter's office and returned with Theresa Berg. He shut the door and wouldn't let Theresa Berg leave. Appellant then pulled a gun from a paper bag, pointed the gun at Peter, and said he was going to blow his head off. There was a struggle, the gun went off and Peter was hit in his leg.

When appellant stepped into the outer office, Theresa Berg locked the door. Appellant fired two rounds at the doorknob and two more through the center of the door.

The police arrived while appellant was on the phone talking to his lawyer. He was still holding the gun. Officer Gottsch told him several times to drop it. Appellant said he was talking to his lawyer and asked Gottsch if he wanted to talk to the lawyer. Gottsch said no. Appellant then said "I'm in big trouble, ain't I?" He repeated the phrase when the officer who was escorting him to the squad car asked his name. The officer told appellant he was under arrest for aggravated assault, read the *Miranda* rights, and asked appellant if he understood them. He nodded. The officer asked appellant if he wanted to waive his rights and talk. He did. Appellant's statements were admitted at trial.

## ISSUES

1. Were statements made by appellant obtained in violation of Fifth and Sixth Amendment rights to counsel?

2. Was the evidence sufficient to establish appellant's guilt?

3. Are there compelling circumstances which justify interference with the trial court's sentencing decision?

4. Was appellant denied his fundamental right to a fair trial?

## ANALYSIS

1. Appellant contends that the admission of his statements to the police was reversible error because they were obtained in violation of Fifth and Sixth Amendment rights to counsel.

We first consider appellant's contention that his Sixth Amendment right to counsel had attached. Appellant asserts that *State v. Phelps*, 328 N.W.2d 136 (Minn.1982) holds that right to counsel attaches upon retention of legal counsel and that he had retained legal counsel when he called a lawyer-friend who had been representing him in his divorce.

 Appellant's analysis is incorrect. This [sixth amendment] right [to counsel] does not attach until the initiation of adversary judicial proceedings against an accused "by way of formal charge, preliminary hearing, indictment, information, or arraignment."

*State v. Ture*, 353 N.W.2d 502, 509 (Minn. 1984) quoting *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972). In this case no adversary judicial proceedings had been initiated when appellant made his statements to police and thus, the Sixth Amendment right to counsel had not attached. Appellant's reliance on *Phelps* for the proposition that the right to counsel attaches upon retention of counsel is misplaced. In *Phelps* police officials knew that defendant had retained counsel. However, a formal complaint had been filed and a warrant had been issued based on the complaint before the conversations in question took place. Thus, the court followed *Kirby*, which it cited.

 Appellant also contends that the admission of inculpating statements were reversible error because they were offered in violation of his Fifth Amendment right to counsel. Specifically, appellant claims that

by calling his attorney and by asking Officer Gottsch if he wanted to talk to the attorney, he invoked his Fifth Amendment right to counsel under *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

In *Edwards* the Supreme Court said that after being advised of his *Miranda* rights an accused may validly waive his rights but that additional safeguards are necessary "when the accused *asks* for counsel * * *." *Id.* at 484, 101 S.Ct. at 1884. (emphasis supplied). The Court then described two additional safeguards and in doing so held:

> [A]n accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Id.* at 484–85, 101 S.Ct. at 1884–85.

In *Edwards* the Court assumed that a defendant had been given *Miranda* rights before asking for counsel. In this case appellant's phone call to his attorney and by asking the police if they wanted to talk with his attorney, took place before there was any opportunity for *Miranda* rights. However, we do not need to address the issue of whether, under *Edwards*, a defendant's request for counsel must come after the *Miranda* warning has been given. Assuming the request was timely, appellant did not clearly assert his right to counsel nor did he express a desire to deal with police only through counsel. Appellant's request for counsel was not the "clear, unequivocal kind of request required by *Edwards* * * *." *See State v. Howard*, 324 N.W.2d 216, 222 (Minn.1982), *cert. den'd*, 459 U.S. 1172, 103 S.Ct. 818, 74 L.Ed.2d 1016 (1983). Appellant's Fifth Amendment right to counsel was not violated.

■ Finally, we note that the trial court properly admitted appellant's statement about being in trouble, which was made before he was given his *Miranda* rights.

The statements were voluntarily made and did not result from custodial interrogation.

■ 2. Appellant contends there was insufficient evidence presented for the jury to infer that he intended to kill Theresa Berg and Kurt Peter or that he intended to cause fear of immediate bodily harm or death to Theresa Berg. We reject his contention. In this case intention to kill was easily inferable from appellant's threats, his pointing the gun at Peter, and his shots through the door. The intent to cause fear in Theresa Berg is inferable from appellant's refusal to let her out of the room. The evidence was sufficient for the jury to reasonably conclude that appellant was guilty of the offenses charged. *See State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978).

3. Appellant contends that the purposes of the sentencing guidelines would be best served by concurrent rather than consecutive sentences. Appellant was sentenced to 51 months in prison for each attempted murder. The sentences are consecutive.

■ Under the Minnesota Sentencing Guidelines consecutive sentences may be given when an offender is convicted of multiple concurrent felony convictions for crimes against different persons. Minnesota Sentencing Guidelines II.F.2. Appellant concedes that the sentence in this case does not constitute a departure. We generally will not interfere with sentences that are within the presumptive sentence range, absent compelling circumstances. *See State v. Freyer*, 328 N.W.2d 140, 142 (Minn.1982). Appellant has offered no compelling circumstances. Thus, we will not interfere with the trial court's decision.

4. Appellant personally asserts that he was denied his fundamental right to a fair trial because (a) he was denied effective assistance of counsel and (b) evidence that he expressed feelings of suicide to his mother and evidence that his gun jammed was excluded.

■ We find no merit to appellant's claim that he was denied effective assistance of counsel. *See State v. White*, 349 N.W.2d 603, 605 (Minn.Ct.App.1984). We

also find no merit in his claim that he was denied a fair trial because the evidence in question was excluded. *See State v. Swain,* 269 N.W.2d 707 (Minn.1978).

### DECISION

The trial court did not err in admitting statements made by appellant. The evidence was sufficient to establish his guilt. There are no compelling circumstances which justify interference with appellant's sentence which is not departure. Finally, appellant was not denied his fundamental right to a fair trial.

Affirmed.