Keith E. BERG, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C6–86–1764.

Court of Appeals of Minnesota.

April 7, 1987.

Review Denied May 18, 1987.

C. Paul Jones, Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and RANDALL, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Keith Berg appeals from a decision of the trial court summarily denying his petition for post-conviction relief. We affirm.

## FACTS

Keith Berg was convicted by a jury of two counts of attempted murder in the second degree, Minn.Stat. §§ 609.19(1), 609.17, 609.11 (1982), and two counts of assault in the second degree, Minn.Stat. §§ 609.222, 609.11 (1982), for an offense committed on May 13, 1983. Berg appealed the convictions to this court, raising the following issues: (1) whether inculpatory statements were admitted in violation of the fifth and sixth amendments; (2) whether he was denied a fair trial by the exclusion of defense evidence and due to the ineffective assistance of counsel; (3) whether the evidence was insufficient to establish his guilt beyond a reasonable doubt; and (4) whether the trial court erred when it imposed consecutive rather than concurrent sentences. Berg also filed two pro se briefs which were considered on appeal. This court affirmed Berg's convictions and sentences. *State v. Berg*, 358 N.W.2d 443 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. Feb. 5, 1985).

Berg filed a petition for a writ of habeas corpus in federal district court, raising the same issues. This petition was denied on November 21, 1985.

Berg next filed a pro se petition for post-conviction relief in Hennepin County District Court, setting forth 51 separate grounds for relief. He also filed a "rebuttal" in response to the State's motion in opposition, and raised three additional issues. The trial court summarily denied the petition, stating:

The factual allegations of defendant are mainly conclusory and unsupported.

As to the allegation of deleted testimony, defendant furnished no factual background nor any indication of what the deletion might be or its significance.

There is no showing that the allegations made by defendant were not known or could not have been known at the time of the appeal or other prior proceedings in this matter.

Berg, represented by the State Public Defender, appeals.

## ISSUE

Did the post-conviction court err in summarily denying appellant's pro se petition for post-conviction relief?

## ANALYSIS

Minn.Stat. § 590.04, subd. 1 (1984), provides:

*Unless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief,* the court shall promptly set an early hearing on the petition and response thereto, and promptly determine the issues, make findings of fact and conclusions of law with respect thereto, and either deny the petition or enter an order granting appropriate relief.

(Emphasis added). The court also "may summarily deny a second or successive petition for similar relief on behalf of the same petitioner and *may summarily deny a petition when the issues raised in it have previously been decided by the court of appeals or the supreme court in the same case.*" Minn.Stat. § 590.04, subd. 3 (1984) (emphasis added).

Berg claims that two different attorneys from the Hennepin County Public Defender's office persuaded two of his cellmates to search his cell and obtain his legal notes.

According to Berg, this information was passed on to the Hennepin County Attorney's office. Berg did not provide the names of the cellmates, the public defenders, or the prosecutors allegedly involved. He did not indicate what information was allegedly obtained or how the information was used by the prosecutor to Berg's detriment at trial. He also failed to explain why the information about the alleged pretrial searches was not available until after his appeals were exhausted.

Berg further claims that, after reviewing the trial transcript,

> 25 percent of my testimony has been deleted from the trial transcripts, and other witnesses' testimonies have been deleted in some areas.
>
> I have obtained confirmation from people who were in the Courtroom during the trial and they, as well as I, explicitly recall testimony on certain issues which do not show-up in the trial transcripts. I cannot supply all the facts and details of this error at this time; however, as I stated, I have confirmation on this issue and I am in the process of trying to rectify the problem * * *.

In denying relief, the trial court stated that Berg furnished no factual background or any indication of what the deletion might be or its significance. We agree that Berg's unsupported assertions do not warrant a hearing.

An evidentiary hearing is required only when the post-conviction pleadings place material facts in dispute. *State ex rel. Roy v. Tahash*, 277 Minn. 238, 243–44, 152 N.W.2d 301, 305 (1967) (*Tahash* I). To place material facts in dispute, the petitioner must allege facts which, if proved, would entitle petitioner to the relief sought. *State ex rel. Gray v. Tahash*, 279 Minn. 248, 250, 156 N.W.2d 228, 229 (1968) (*Tahash* II). The facts alleged must be more than bald assertions or conclusory allegations without factual support. *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971); *Morrissey v. State*, 286 Minn. 14, 16, 174 N.W.2d 131, 133–34 (1970); ABA Standards for Criminal Justice, *Postconvictions Remedies*, § 4.5 Commentary, 22–47 (1986 Supp.).

Most of the remaining claims on appeal deal with inadequacies of trial counsel. This issue was raised and disposed of in the direct appeal of Berg's convictions. *State v. Berg*, 358 N.W.2d 443, 446 (Minn. Ct.App.1984), *pet. for rev. denied* (Minn. Feb. 5, 1985). We find no merit to Berg's claim that he was denied effective assistance of counsel. Berg is not entitled to relief on this ground. *Morgan v. State*, 384 N.W.2d 458, 461 (Minn.1986); *Case v. State*, 364 N.W.2d 797, 800 (Minn.1985).

We have reviewed all other issues and conclude that they were previously raised and addressed in Berg's direct appeal or were known at the time the case was considered on appeal and may not now be raised. *Case*, 364 N.W.2d at 800. Berg challenges the propriety of the post-conviction judge being the same judge who presided at trial. This is not improper. *See* Minn.Stat. § 590.02, subd. 3. Finally, we note that the polygraph examination report submitted by Berg was not part of the record, is generally inadmissible, *State v. Anderson*, 379 N.W.2d 70, 79 (Minn.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986), and cannot be considered on appeal. *See* Minn.Stat. § 590.02, subd. 3.

## DECISION

Affirmed.