*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1463**

State of Minnesota,
Respondent,

vs.

John Yang,
Appellant.

**Filed January 20, 2015
Affirmed
Reilly, Judge**

Ramsey County District Court
File No. 62-CR-12-5714

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Thomas R. Ragatz, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Craig E. Cascarano, Minneapolis, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Appellant John Yang challenges the sufficiency of the evidence supporting his conviction of attempted second-degree murder, arguing that the state failed to prove intent to kill. We affirm.

## FACTS

A jury heard the following facts and found appellant guilty of attempted second-degree murder and second-degree assault. On July 11, 2012, four males picked up L.V. and drove him to 1244 Burr Street, appellant's residence[1] in St. Paul. Once at 1244 Burr Street, L.V. got out of the car and walked towards the house. A group of men surrounded L.V. These men started kicking, punching, and pushing L.V. down the driveway toward the house's garage. Soon after, appellant left the house and followed the group down the driveway. Appellant carried a gun.

Appellant approached L.V. and held the gun against his forehead and told him that he "need[ed] to go towards the garage." L.V. claimed that he was looking directly at appellant and that appellant was "furious." L.V. believed that if his assailants got him to the garage that they would kill him. At some point during the assault, L.V. managed to escape from the group, ran down the driveway, and crossed the street. The group of men chased him. In the process of fleeing his assailants, L.V. heard appellant yell, in Hmong, that "they are going to come kill [L.V.], shoot [L.V.] in [his] house."

While running, L.V. heard one gunshot and then heard a second gunshot. One gunshot hit the front side of the 1233 Burr Street residence.[2] The other gunshot shattered the back window of a Ford Explorer parked in the driveway of 1233 Burr Street. L.V.

---

[1] Officers learned that L.V. had previously been identified as a suspect in a burglary that occurred at 1244 Burr Street two days earlier.
[2] 1233 Burr Street is located on the opposite side of the street as 1244 Burr Street, to the southwest.

was running on the sidewalk opposite of appellant, directly behind the Ford Explorer, when the car window was shattered.

L.V. then ran up to the front door of 1233 Burr Street, knocked on the door, and asked for help. The homeowner came to the door and saw the shattered window. At this time, L.V. looked back in the direction of the assault and saw individuals getting into cars and driving away. L.V. believed that if the homeowner had not answered the door, the men would have continued chasing him. The homeowner called 911, and told the dispatcher that his car window was shot out, and that he saw people leaving in a "little red car."

St. Paul police officers responded to the call. An officer described L.V. as looking confused and shocked, with scratches on his shoulder. Officers found a bullet slug near the Ford Explorer and a bullet hole six inches below the homeowner's living room window. The bullet passed through the interior wall of the home and struck a loveseat in the living room. The homeowner testified that the bullet hole near the living room window was about two and a half to three feet from the ground. He also estimated that the height of the bullet that hit the Ford Explorer was "around [his] ribcage."

Officer Justin Rangel testified that he collected two spent casings from the driveway of 1244 Burr Street. Officer Rangel opined that, based on the location of where the bullets hit, they came from a northeast direction. L.V. indicated to an officer that the shots were fired near the driveway of 1244 Burr Street and the street.

Soon after the homeowner's 911 call, the St. Paul police stopped a small red car about a half a mile away from 1233 and 1244 Burr Street. An officer drove L.V. to the

3

scene of the traffic stop for a "show-up." L.V. positively identified appellant and three other occupants of the car as his assailants.

After taking the suspects to the Ramsey County Law Enforcement Center, an officer interviewed appellant. Appellant initially denied knowing anything about the assault or shootings and claimed he had not handled a gun in a long time. Shortly thereafter, appellant claimed to have gone hunting the day before. The state charged appellant with attempted second-degree intentional murder, in violation of Minn. Stat. § 609.19, subd. 1(1) (2010), and second-degree assault with a dangerous weapon, in violation of Minn. Stat. § 609.222, subd. 1 (2010).

A jury trial was held in March 2013. At trial, counsel for appellant argued that there was not enough evidence to prove that appellant actually possessed or fired the gun. Appellant did not testify at trial. The jury found appellant guilty of assault in the second degree with a dangerous weapon and attempted murder in the second degree. The district court sentenced appellant to 135 months in prison.

Appellant appeals.

### D E C I S I O N

Appellant argues that the evidence is insufficient to prove beyond a reasonable doubt that he intended to kill L.V. The state contends that the evidence is sufficient because appellant's behavior and words clearly demonstrated intent to kill.

An appellate court reviews a sufficiency-of-the-evidence challenge to "determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient to allow a jury to reach a guilty verdict." *State v. Hurd*, 819 N.W.2d 591, 598

(Minn. 2012). We must assume that "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Caldwell*, 803 N.W.2d 373, 384 (Minn. 2011). The verdict will not be disturbed "if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the charged offense." *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012).

To convict a defendant on a charge of attempted second-degree intentional murder the state must prove beyond a reasonable doubt that the defendant acted with intent to effect the death of the victim. Minn. Stat. § 609.19, subd. 1(1). An attempt to commit a crime is "an act which is a substantial step toward, and more than preparation for, the commission of the crime . . . ." Minn. Stat. § 609.17, subd. 1 (2010). To convict appellant of attempted second-degree intentional murder, the state had to prove that (1) his acts constituted a substantial step toward, and more than preparation to murder L.V., and (2) appellant intended to kill L.V.

Minnesota defines "intent" to mean "the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result." Minn. Stat. § 609.02, subd. 9(4) (2010). Courts have often observed that because intent is a state of mind, it is generally provable only by inferences drawn from a person's words or actions in light of the surrounding circumstances. *See, e.g.*, *State v. Cooper*, 561 N.W.2d 175, 179 (Minn. 1997) (taking into account the number of shots fired and the location of the shooter in its intent determination). In this case, although the state offered some direct evidence of intent, the state primarily relied on circumstantial evidence to

5

prove that appellant intended to kill L.V. *See Bernhardt v. State*, 684 N.W.2d 465, 477 n.11 (Minn. 2004) (defining direct evidence as "evidence that is based on personal knowledge or observation and that, if true, proves a fact without inference or presumption").

In reviewing sufficiency-of-the-evidence claims, we generally apply a heightened standard of review if the state's evidence on one or more elements of the offense consists solely of circumstantial evidence. *State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013) (citing *State v. Al-Naseer*, 788 N.W.2d 469, 473 (Minn. 2010)). This court reviews the sufficiency of circumstantial evidence by (1) identifying the circumstances proved, and (2) examining independently the reasonableness of all inferences that might be drawn from those circumstances, including inferences not consistent with guilt. *State v. Anderson*, 789 N.W.2d 227, 241-42 (Minn. 2010). Under the heightened standard, "the circumstances proved [must be] consistent with guilt and inconsistent with any rational hypothesis except that of guilt. *Id.* at 242. But a conviction based on circumstantial evidence will not be overturned "on the basis of mere conjecture." *Id.*

A.      *Circumstances Proved*

In identifying the circumstances proved, we consider only those circumstances consistent with the verdict and reject the evidence in the record that conflicts with the circumstances proved by the state. *State v. Hawes*, 801 N.W.2d 659, 670 (Minn. 2011). In convicting appellant, the jury found that the state proved the elements of second-degree assault and attempted second-degree murder beyond a reasonable doubt. The following circumstances are consistent with the verdicts: that (1) appellant was present at

1244 Burr Street on July 11, 2012, (2) appellant was involved in a physical altercation involving L.V. in the driveway of 1244 Burr Street, (3) appellant brought a gun and held the gun to L.V.'s forehead, (4) the men chased appellant as he ran away from the altercation, (5) appellant fired two shots at L.V. as L.V. ran away from the altercation, (6) the two bullets fired were in the general proximity of L.V., and (7) appellant told L.V. that he was going to kill him.

B.    *Rational Inferences*

The second step of the analysis is to determine whether there are any rational inferences that are consistent with the proven circumstances and yet inconsistent with guilt. *Anderson*, 789 N.W.2d at 242. Appellant contends that although one reasonable inference is that he attempted to kill L.V., it is also reasonable to infer that appellant did not intend to hit L.V. or that he was only attempting a first-degree assault. We disagree.

Although there was some direct evidence from appellant's own statement that he would kill L.V., proof of intent primarily depended on inferences from circumstantial evidence—from appellant's acts. Appellant supports his argument by pointing out that there was no evidence submitted detailing the trajectory of the shooting, and the only testimony regarding the shooting was from L.V. and the neighbors. The record, however, shows that officers found bullet casings in the driveway of 1244 Burr Street, and L.V. testified that he was on the sidewalk in front of the Ford Explorer when the shots were fired. Moreover, a conviction may rest on the testimony of a single, credible witness. *State v. Foreman*, 680 N.W.2d 536, 539 (Minn. 2004).

7

Our caselaw has upheld the inference of intent to kill in several gunshot scenarios. In *State v. Chuon*, this court concluded that intent to kill may be inferred from the firing of a single shot. 596 N.W.2d 267, 271 (Minn. App. 1999), *review denied* (Minn. Aug. 25, 1999). In *Chuon*, the defendant fired at the victim, striking him in the shoulder blade from a distance of about six to eight feet. *Id.* In *State v. Whisonant*, the supreme court found intent to kill when the defendant fired a single shot from a "pen gun" at two police officers 12 feet away, even though one of the officers was only hit by particles from the discharge. 331 N.W.2d 766, 768 (Minn. 1983). In *State v. Berg*, this court found sufficient evidence of intent when the defendant threatened two victims, pointed a gun at one, and later fired shots through a door at the victims. 358 N.W.2d 443, 446 (Minn. App. 1984), *review denied* (Minn. Feb. 5, 1985).

Here, the evidence reasonably supports a jury's finding that appellant intended to cause the death of a human being and that he took a significant step toward doing so by shooting at L.V. And the facts legitimately support the inference that appellant intended the natural and probable consequences of shooting a gun at another person. *See State v. Johnson*, 616 N.W.2d 720, 726 (Minn. 2000). Although one inference is that appellant only intended to scare L.V. by shooting the gun at him, when considering the facts in conjunction with appellant's statements about killing L.V., it is not a reasonable inference that appellant's intent was only to scare L.V. *See State v. Ness*, 431 N.W.2d 125, 126 (Minn. 1988) (discussing the availability of direct intent evidence in the form of witness testimony about prior threats or statements).

8

We conclude that the circumstantial evidence is consistent with appellant's guilt and not consistent with any alternative rational hypothesis. Consequently, the evidence is sufficient to sustain appellant's conviction.

**Affirmed.**