*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1579**

State of Minnesota,
Respondent,

vs.

Brian James Hemphill,
Appellant.

**Filed January 11, 2016
Affirmed
Reyes, Judge**

Clay County District Court
File No. 14CR132120

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian Melton, Clay County Attorney, Johnathan R. Judd, Assistant County Attorney, Moorhead, Minnesota (for respondent)

Katherine S. Barrett Wiik, Special Assistant Public Defender, Robins, Kaplan, Miller & Ceresi, L.L.P., Minneapolis, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

UNPUBLISHED OPINION

**REYES**, Judge

On appeal following his convictions of fleeing a peace officer in a motor vehicle and driving after revocation of a driver's license, appellant argues that the evidence was insufficient to prove that he was the driver of the truck on May 20, 2013. We affirm.

## FACTS

On the evening of May 20, 2013, occupants in a vehicle traveling on I-94 near the Fargo-Moorhead area observed a tan pickup truck driving recklessly. The occupants called police and gave them a physical description of the truck, including the license-plate number. They continued to follow the truck. Although they lost sight of the truck for a period of time, they found it again parked in an apartment-complex parking lot. From approximately 20 yards away, the occupants observed the driver of the truck get out of the vehicle and remove the license plates. One of the occupants described the driver of the truck as a Caucasian male, five feet seven inches tall, bald, and wearing a black shirt and jeans. The occupants did not observe a passenger in the truck.

Dispatch notified a Moorhead police officer of the truck. After searching the area for approximately five minutes, the officer found the tan pickup truck, with no license plates, stopped directly across from him at an intersection. From approximately 25 to 30 feet away, the officer observed the driver of the truck for two or three seconds. The truck then turned in front of him in the intersection, offering him a closer look of the driver. The officer described the driver as wearing glasses, a black t-shirt and having a shaved head.

2

The officer attempted to stop the vehicle by activing his emergency lights and siren. However, the truck fled, leading to a high-speed chase through Moorhead. The officer terminated the chase, after approximately five minutes, due to the level of traffic and his concerns about public safety.

The officer determined, by looking up the vehicle's license-plate number, that the registered owner of the truck was A.K. and went to his residence. Upon arrival, A.K. told the officer that he sold the truck to his friend, appellant Brian James Hemphill, and that appellant told him earlier over the phone that the police were chasing him. While he was questioning A.K., the officer had A.K. send appellant a text message. Appellant responded, agreeing to meet law enforcement at a certain location. However, that meeting never occurred.

After speaking with A.K., the officer returned to his patrol vehicle and, through a law-enforcement database, viewed a photograph of appellant. Using the photograph, the officer identified appellant as the person he saw driving the truck. Later that evening, A.K. told the officer that appellant had contacted him again and told him that he was headed back to Jamestown. A.K. subsequently retrieved the truck from one of appellant's partners at a farmstead in Jamestown.

Appellant was charged with fleeing a peace officer in a motor vehicle and driving after revocation of a driver's license. A jury trial was held. At trial, the jury heard testimony from the officer, A.K., and one of the occupants of the vehicle who had initially alerted police about the truck. The jury also viewed the officer's squad video taken during the chase.

3

The officer identified appellant in the courtroom and testified that he observed appellant driving the truck. A.K. testified that he did not drive the truck on May 20, 2013, and expected that appellant was in possession of the truck that day. A.K. also testified that, although appellant resides in Jamestown, he believed appellant was in the Fargo area that day for work.

The jury found appellant guilty on both counts. This appeal follows.

**D E C I S I O N**

Appellant contends that the evidence is insufficient to support his convictions. Specifically, he argues that the state failed to prove beyond a reasonable doubt that he was the driver of the truck on May 20, 2013. We disagree.

When reviewing a claim of insufficient evidence, we undertake "a [thorough] analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction, was sufficient" to support the conviction. *State v. Ortega*, 813 N.W.2d 86, 100 (Minn. 2012) (quotation omitted). In doing so, this court must assume "the jury believed the state's witnesses and disbelieved any evidence to the contrary." *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). "We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence" and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant was guilty of the crime charged. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004) (quotation omitted).

Both of the charged offenses, fleeing a peace officer in a motor vehicle and driving after revocation of a driver's license, required the state to prove beyond a

4

reasonable doubt that appellant was the driver of the truck on May 20, 2013. *See* Minn. Stat. §§ 171.24, subd. 2, 609.487, subd. 3 (2012). On appeal, this is the only element of either offense that appellant challenges.

A conviction can rest on direct or circumstantial evidence. *See, e.g., State v. Silvernail*, 831 N.W.2d 594, 598-600 (Minn. 2013); *State v. Flowers*, 788 N.W.2d 120, 133-34 (Minn. 2010). Here, the state offered direct and circumstantial evidence to prove that appellant was the driver of the truck on May 20, 2013. The direct evidence included the officer's testimony that he observed appellant driving the truck and appellant subsequently fleeing from the officer in the truck.[1] Because identification by a single eyewitness is sufficient to sustain a conviction, we conclude that the direct evidence alone is sufficient to support appellant's convictions. *State v. Williams*, 307 Minn. 191, 198, 239 N.W.2d 222, 226 (1976); *see also State v. White*, 349 N.W.2d 603, 603 (Minn. App. 1984) ("[E]yewitness testimony by state trooper was sufficient to support finding that defendant was driving vehicle.").

Appellant argues that, given the circumstances, the officer's identification of him as the driver of the truck leaves substantial room for reasonable doubt. The circumstances are that the officer was inside his squad car observing the driver of the truck, he was approximately 25 to 30 feet away from the truck, he only observed the driver for two or three seconds, and he did not recognize the driver. Appellant then

---

[1] Although appellant argued in his brief that the officer's testimony was circumstantial evidence, his attorney conceded at oral argument that this was indeed direct evidence.

5

asserts that this court must evaluate the officer's eyewitness testimony by applying the following factors set forth by our supreme court in *State v. Burch*:

> the opportunity of the witness to see the defendant at the time the crime was committed, the length of time the person committing the crime was in the witness' view, the stress the witness was under at the time, the lapse of time between the crime and the identification, and the effect of the procedures followed by the police as either testing the identification or simply reinforcing the witness' initial determination that the defendant is the one who committed the crime.

284 Minn. 300, 316, 170 N.W.2d 543, 553-54 (1969).[2] We are not persuaded.

"Identification is a question of fact for the jury to determine." *State v. Miles*, 585 N.W.2d 368, 373 (Minn. 1998); *see also Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S. Ct. 2243, 2254 (1977) (stating that unless there is a "very substantial likelihood of irreparable misidentification," identification testimony is for the jury to weigh (quotation omitted)). "Identification testimony need not be absolutely certain; it is sufficient if the witness expresses a belief that she or he saw the defendant commit the crime." *Miles*, 585 N.W.2d at 373. Here, we assume that the jury, which was well aware of the circumstances of the officer's identification through defense counsel's cross-examination and closing argument, and which received the *Burch* factors in a jury instruction, found the officer's eyewitness testimony to be reliable. *See Moore*, 438 N.W.2d at 108 (stating that we must assume "the jury believed the state's witnesses and disbelieved any

---

[2] We note that, while appellant advocates for us to apply the *Burch* factors, *Burch* involved a lineup identification by a lay witness and this case involves an identification by a trained police officer in the course of his duties. 284 Minn. at 303, 170 N.W.2d at 546-47.

evidence to the contrary").  The officer who by his profession is trained to observe suspects, testified that he observed the driver of the truck for two to three seconds when the driver was across from him.  In addition, the officer had a closer look at the driver as the truck turned in front of him.  Further, the officer testified that it was daylight when he observed appellant, and review of the squad car video confirms this.  Finally, the officer identified appellant as the person who was driving the truck from a law-enforcement-database photograph that he reviewed shortly after the encounter.  Based on this record, we conclude the jury's finding is reasonable.

Moreover, other evidence corroborates the officer's identification.  *See State v. Walker*, 310 N.W.2d 89, 90 (Minn. 1981) (stating if a "single witness'[s] identification of a defendant is made after only fleeting or limited observation, corroboration is required if the conviction is to be sustained.").  A.K. testified that (1) he expected appellant to be in possession of the truck on May 20, 2013; (2) he believed appellant to be in the Fargo area that day for work; and (3) appellant had told A.K., over the phone, that he was being chased by police.  Therefore, we conclude that the direct evidence is sufficient to support appellant's convictions for fleeing a peace officer in a motor vehicle and driving after revocation of a driver's license.

Because there is sufficient direct evidence to support the convictions, we need not consider the additional circumstantial evidence offered by the state.  *See State v. Porte*, 832 N.W.2d 303, 309 (Minn. App. 2013); *see also State v. Salyers*, 858 N.W.2d 156, 161 (Minn. 2015) (applying traditional standard of review because state introduced sufficient direct evidence of possession of firearm).

**Affirmed.**